## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| **ISHMAEL K. WHITAKER,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL No: 4:22-cv-00037-CDL-MSH** |
| **VS.** | : | |
| | : | |
| **ANGELA MORELOCK,** | : | **Proceedings Under 42 U.S.C. §1983** |
| | : | **Before the U. S. Magistrate Judge** |
| **Defendant.** | : | |

## ORDER AND RECOMMENDATION

*Pro se* Plaintiff Ishmael Whitaker, an inmate at the Muscogee County Jail in Columbus, Georgia, has filed this 42 U.S.C. § 1983 complaint. ECF No. 1. Plaintiff has also filed a motion to proceed *in forma pauperis*. ECF No. 2. Plaintiff's motion for leave to proceed *in forma pauperis* is now **GRANTED** for purposes of this recommendation of dismissal only and thus, his complaint is ripe for preliminary review. On preliminary review, it is **RECOMMENDED**, that Plaintiff's claims against the Defendants be **DISMISSED** for failure to state a claim.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 2. As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must

nevertheless pay the full amount of the $350.00 filing fee.  28 U.S.C. § 1915(b)(1).  If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.  If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.  Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.  28 U.S.C. § 1915(b)(4).  In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the full filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying the full filing fee or an initial partial filing fee.

I.      Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.  The clerk of court is **DIRECTED** to send a copy of this Order to the Muscogee County Jail.  It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.  28 U.S.C. § 1915(b)(2).  In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the

account exceeds $10.00.  It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.     Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.  Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.  The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.  Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.     Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a).  Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP.  Both statutes apply in this case, and the standard of review is the same.  When conducting preliminary screening, the Court must accept all factual allegations in the complaint as

true.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).  *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'"  *Hughes*, 350 F.3d at 1160 (citation omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'"  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted).  The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'"  *Id.* (citation omitted).  A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'"  *Twombly*, 550 U.S. at 555 (citation omitted).  In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.  *Id.* at 556.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or

omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.  *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.   <u>Plaintiff's Allegations and Claim</u>

Plaintiff has submitted a twenty-four page pleading under 42 U.S.C § 1983 in which he complains about the legal representation provided to him by his public defender, Angela Morelock.  *See* ECF No. 1.  His allegations include but are not limited to deficient representation at hearings, disclosing confidential information to the Court and prosecutor, accepting bribes, being untruthful to the Plaintiff and being part of a conspiracy with the D.A and Judge to keep him incarcerated.  *Id*. at 5-23.  Plaintiff seeks a million dollars in damages.  *Id*. at 24.

However, 42 U.S.C. § 1983 only applies to civil rights violations committed by individuals acting under color of state law.  *Hale*, 50 F.3d 1579 at 1581.  A criminal defense attorney, whether privately retained or court appointed, does not act on behalf of the State.  *Polk Cty. v. Dodson*, 454 U.S. 312, 318-24 (1981).  Public defenders, though often employed by the government and appointed by a judicial officer, are not viewed as state actors for the purpose of § 1983 when performing the traditional functions as counsel to a defendant in a criminal proceeding. *Pearson v. Myles, 189 F. App'x 865, 866 (11th Cir. 2006); Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985).  *See also Polk*

5

*Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law").  Thus, Defendant Angela Morelock was not acting under color of state law in representing Plaintiff in his criminal case and, therefore, is not liable under 42 U.S.C. § 1983.

Even if Plaintiff brought his complaint against the Public Defenders' Office as an entity and not specifically against his attorney, Angela Morelock, his claim would still be subject to dismissal. Litigants seeking relief under § 1983 must file suit against a "person" or a legal entity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). This Court, and others in the Eleventh Circuit, have concluded that a public defender's office is not a person or entity that can be sued under § 1983. *See, e.g., Johnson v. Georgia*, Nos. 7:07-CV-119 (WLS), 6:06-CV-49 (WLS), 2007 WL 2594177, at *2 (M.D. Ga. Sept. 5, 2007); *see also Anderson v. Richmond Cnty. Jail*, CV 115-168, 2016 WL 4579982, at *4 (S.D. Ga. Aug. 9, 2016); *Coleman v. Miami-Dade Cnty.*, No. 12-23216-CIV, 2013 WL 5429941, at *4 (S.D. Fla. Sept. 27, 2013). Accordingly, it is **RECOMMENDED** that Plaintiff's claim be **dismissed.**

III.   Conclusion

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted**.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Clay D. Land, United States

District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

      **SO ORDERED AND RECOMMENDED**, this 17th day of February 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE